### HOLLOWAY et al. v. COLEE et al.

(Circuit Court of Appeals, Fifth Circuit. January 17, 1919.)

#### No. 3254.

WILLS ⬅519—CONSTRUCTION—DESIGNATION OF BENEFICIARIES.

    A will which, after naming the wife and children of testator as equal beneficiaries of his residuary estate, provided that "the surviving consort and issue of any of my children dying before my death taking, share and share alike, the share my child would have taken if alive," *held* to exclude from any share a granddaughter whose mother, testator's daughter, had died many years before the will was made.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit in equity by Beatrice H. Holloway and others against Louis A. Colee and others. Decree for defendants (247 Fed. 598), and complainants appeal. Affirmed.

George C. Bedell, of Jacksonville, Fla., for appellants.

John C. Cooper, of Jacksonville, Fla. (W. A. MacWilliams, of St. Augustine, Fla., on the brief), for appellees.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This is an appeal from a decree which was adverse to the asserted claim of the appellant Beatrice H. Holloway that she, in her own right and as the assignee of her father, was entitled, under the will of her grandfather, James L. Colee, to a

share in his estate. The will was made in December, 1903, and the testator died in January, 1912. Succeeding clauses revoking former wills, naming an executor, bequeathing a gold watch to one of the testator's sons, and household furniture and utensils to his wife, the will contained the following provisions:

Fifth. All the rest and residue of my estate real, personal, and mixed, in esse and in futuro, wherever the same may be at the time of my death, I devise and bequeath unto my children, Louis A. Colee, James R. Colee, Joseph B. Colee, George B. Colee, Raymond J. Colee, Arthur P. Colee, Otis M. Colee, Mamie J. Colee, Edna I. Colee, and my wife, Georgia V. Colee, share and share alike, the surviving consort and issue of any of my children dying before my death taking share and share alike the share my child would have taken if alive.

Seventh. It being my desire that all of my children shall share equally in my estate, should any child of mine be born after the execution of this will or after my death, I desire that it shall share equally with my other children and my wife above named, each devisee contributing ratably to make up the share of such child.

The testator was twice married, his second wife being the one mentioned in the will. The appellants' mother, who died many years before the will was made, was a daughter of the testator by his first wife, who died long before the will was made. Until the marriage of appellant, which occurred several years before the will was made, she was a member of the household of her father, who had a second wife and several children by the latter, and lived in the country about nine miles from St. Augustine. For several years during the appellant's childhood she attended school in St. Augustine, there being no school in the country to which she could be conveniently sent from her father's home. During the school terms she stayed at the home of the testator in St. Augustine. After her marriage she did not reside in or near St. Augustine, but lived with and was supported by her husband; their home being in another state. She made occasional visits to St. Augustine after her marriage. During such visits she did not stay at the home of her grandfather, but made calls there, and occasionally took meals or spent the day with him and his family. The relations between her and her grandfather were always affectionate. So far as appears, she was never dependent on him for support, and he did not contribute to her support or education, further than by having her as an inmate of his home while she was attending school in St. Augustine. Her father was a man whose means and circumstances were such that it reasonably could have been anticipated that at his death she would inherit property worth as much as what would have been the share of her father and herself in her grandfather's estate, if they were embraced in the provisions of the fifth clause of the latter's will. The will was drawn by a lawyer to whom the testator gave instructions as to the disposition of his property he desired to make.

The claim asserted is based upon the following language contained in the fifth clause of the will:

"The surviving consort and issue of any of my children dying before my death taking share and share alike the share my child would have taken if alive."

In the connection in which this language was used it manifests an intention to provide for the contingency of the death, after the will was made, of a child to whom the will gave a share of the residue of the testator's estate. The preceding part of the clause in which this language is found stated the name of each of the testator's children to whom such share was to go if that child survived the testator. The will does not show that the appellant's mother would have taken a share if alive. There is an absence of any indication of an intention to provide for the consort or issue of a child who already was dead when the will was made. The testator identified the persons intended to be described by the words "my children" by setting out their names. The last quoted provision had the effect of substituting the surviving consort and issue in the place of any previously named beneficiary who might die during the testator's lifetime. To say the least, the language used is inappropriate to describe the surviving husband and issue of one for whom the will made no provision in any event. That the words "my children," as used in the last-quoted provision, were intended to include only the previously named children who were living at the time the will was made is further indicated by the terms of the seventh paragraph of the will, which made provision for any child of the testator that might be born after the execution of the will or after the testator's death. That clause provides that such subsequently born child should "share equally with my other children and my wife above named, each devisee contributing ratably to make up the share of such child." This plainly indicates the testator's understanding that only his previously named children and wife were to be the devisees of the residue of his estate, if they survived him and no other child was born after the will was made.

For the reasons above indicated the conclusion is that the language of the will is not fairly susceptible of the construction contended for in behalf of the appellant. Even if it was capable of a construction that would permit the appellant to share in the estate, it is questionable whether, on the ground that there was an absence of any reason or explanation of the testator's exclusion of his granddaughter from sharing in his estate, such a construction should be preferred to one more consistent with what the language employed indicates was the testator's intention. The circumstances existing when the will was made were such that it well might be inferred that the testator did not give the appellant a share in his estate, because he thought that she otherwise would be adequately provided for.

Affirmed.